C. F. Smith, Appellee, v. Justin M. Nauer, James Bongartz, and Thomas Larsen, Appellants.

Gen. No. 9,648.

Opinion filed May 26, 1949. Rehearing denied July 9, 1949. Released for publication July 9, 1949.

CASSIDY, SLOAN & CRUTCHER, of Peoria, for appellants.

CHAMPION & LEE, of Peoria, for appellee.

MR. JUSTICE WHEAT delivered the opinion of the court.

This is an appeal from a summary judgment entered in a forcible entry and detainer proceeding, awarding possession to plaintiff appellee.

Plaintiff, C. F. Smith, was the equitable owner, under contract of purchase, of the premises in question, and defendants were in physical possession thereof as tenants under an agreement with plaintiff's predecessor in title, the terms and provisions of which were not disclosed. The premises in question consisted mainly of a building housing a, tavern in the front portion with residence quarters in the rear, in the City of East Peoria, Illinois.

The verified complaint and affidavits in support of motion for summary judgment conclusively show that all of the defendants, for several months prior to March 1, 1948, operated slot machines, sold chances on punch boards, conducted poker games, and in general suffered and permitted games of chance to be conducted on the premises in violation of the Criminal Code as to gambling. On February 17, 1948, plaintiff caused to be served on each of the defendants, notice of termination of all arrangements under which they claimed to occupy the premises, stating as reason there-

for that defendants had suffered and permitted gambling to be conducted on the premises in violation of law, and demanded surrender of possession of the premises within ten days from service of the notice. Upon failure of defendants to comply, the present action was instituted.

Defendants' motion to make the complaint more specific was denied, whereupon they answered, admitting their possession and affirmatively alleging as a defense that plaintiff was seeking to obtain possession of the premises for the purpose of conducting his own gambling enterprises therein. On motion this allegation was stricken for the reason that it did not constitute a defense. The amended answer of defendant contained no such allegation, alleging only that plaintiff by his conduct had waived his right to forfeit defendants' possession of the premises.

Thereafter plaintiff filed his motion for summary judgment, supported by his affidavit and that of two private detectives, which, if taken as true, conclusively showed that for a period of several months prior to February 17, 1948, commercial gambling on a substantial scale was conducted by the defendants on the premises in question. This was never denied in any affidavit or pleading of the defendants. Defendants' motion to strike these affidavits was denied, and thereafter defendants filed affidavits claiming to show that plaintiff had waived his right to declare a forfeiture of defendants' tenancy. This contention was conclusively answered by plaintiff in his supplemental affidavit filed thereafter, which stated that defendant Nauer paid to plaintiff on September 15, 1947, the sum of $95 as rent for the month of September 15, 1947 to October 15, 1947, and that neither plaintiff nor anyone in his behalf had accepted any rental from the defendants after such date.

On September 11, 1948, the circuit court allowed plaintiff's motion for summary judgment, and entered judgment for possession. The defendants

claim as error, the allowance of the motion for summary judgment, the denial of their motion to strike the affidavits in support of the motion for summary judgment, and in striking a portion of their original answer to the complaint. As to striking a portion of the original answer, defendants elected not to stand on the pleading, but pleaded over. Obviously any error cannot now be assigned. As to denial of their motion to strike the affidavits in support of the motion for summary judgment for the reason that such contained matter not statements of evidentiary facts, this action was proper. Gambling was expressly charged. There remains the propriety of the entry of judgment on motion for summary judgment.

The decisions of the Appellate Court in the case of *Drew v. Mosbarger,* 104 Ill. App. 635, and *Bogden v. Lasswell,* 331 Ill. App. 395, appear to be determinative of the questions pertinent to this case. In the former decision it was held that the lessor by proceeding as to notice under section 9 of the Landlord and Tenant Act (Ill. Rev. Stat. 1947, ch. 80, par. 9 [Jones Ill. Stats. Ann 72.09]) might terminate a lease upon violation of a covenant therein to keep the leased premises free from brush and noxious weeds, even though the lease contained no provision authorizing the lessor to terminate or forfeit the lease upon breach of lessee's obligations thereunder. The operation of said section 9 is two-fold: (1) It affords a lessor whose lease contains no provision as to termination or forfeiture upon breach of lessee's obligation, the substantive right to terminate the tenancy upon lessee's default in any of the terms of the lease, and (2) It specifies the procedural steps to be taken as to notice to enforce that right.

The law appears well settled that there is an implied obligation in every lease, in the absence of any express provision to the contrary, that the lessee will use the property for lawful purposes only. (*Bogden*

*v. Lasswell,* 331 Ill. App. 395; *Kelly v. Williams,* 162 Ill. App. 571.)

 It is urged that plaintiff is estopped to terminate the lease on the basis of gambling, or that plaintiff has waived such breach because of the matters set forth in the counter affidavits. It is sufficient to say that this court in *Bogden v. Lasswell,* 331 Ill. App. 395, has affirmed the doctrine set forth in *Launtz v. Vogt,* 133 Ill. App. 255: ''Public policy forbids that the landlord's consent, express or implied, written or oral, shall avail the tenant in the evasion of his contract obligations to comply with the law in the use of the premises.'' Defendants have cited the case of *Arado v. Maharis,* 232 Ill. App. 282, in support of their theory of waiver of estoppel. In that case the court observed: ''from this section it clearly appears that it is optional with the lessor to declare a forfeiture of the lease where the tenant violates the Prohibition Act'' and held that the lessor's acceptance of rent after his knowledge of violation of the Act waived the breach and that there was no question of public policy involved. We have no such question here. No rent was accepted after the first month of plaintiff's ownership in the latter part of 1947. The violations are charged as occurring in the several months preceding March 1, 1948. To the extent that there may be any inconsistency between the cases of *Bogden v. Lasswell,* 331 Ill. App. 395, and *Arado v. Maharis,* 232 Ill. App. 282, the former is adopted as correctly stating the law.

In accordance with the above, the judgment of the circuit court of Tazewell county is affirmed.

*Affirmed.*