EUGENE C. TAYLOR, Petitioner-Appellee, *v.* THE STATE BOARD OF EDUCATION OF THE STATE OF ILLINOIS *et al.*, Respondents-Appellants.

Fourth District   No. 14533

Opinion filed January 13, 1978.—Rehearing denied February 15, 1978.

William J. Scott, Attorney General, of Chicago (Mary F. Stafford and Robert G. Epsteen, Assistant Attorneys General, of counsel), for appellants.

Drach, Terrell and Deffenbaugh, P.C., of Springfield, for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

The petitioner, Eugene C. Taylor, is a certified school teacher in the State of Illinois and was employed by the Board of Education of Harlem Consolidated School District No. 122 of Winnebago County as the dean of students at Harlem High School for the school year 1975-76. On February 12, 1976, petitioner was notified by letter of his reassignment from the differential position of dean of students to the position of teacher with an accompanying reduction in salary. The February 12 letter from the district school board secretary stated that petitioner's reassignment was based on the Board's finding that petitioner failed or was unable to perform the duties assigned to him as dean of students. Disregarding the mandatory hearing requirements contained in section 24—12 of The School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—12), this letter stated that a bill of particulars and public hearing would be furnished upon receipt of petitioner's written demand therefor.

After the district school board requested that the respondents (*i.e.*, the State Board of Education and its Superintendent) furnish a list of five impartial hearing officers as provided in section 24—12, respondents' counsel advised the district school board on April 1, 1976, that section 24—12 did not apply in the instant case because the petitioner "* * * is not a 'teacher' within the purview of Article 24 of the *School Code*." The respondents, therefore, declined to furnish the requested list of impartial hearing officers.

On May 26, 1976, the petitioner filed the instant petition for a writ of mandamus in the Circuit Court for the Seventh Judicial Circuit, Sangamon County, seeking to compel respondents to furnish the prayed-for list. On June 9, 1976, the respondents filed a motion for judgment on the pleadings, but that motion was denied on February 18, 1977. On February 24, 1977, the respondents filed a motion for summary judgment and answer. On February 25, 1977, the petitioner filed a motion for summary judgment and reply. After hearing the arguments of counsel, the court on May 26, 1977, entered a final order finding that respondents did indeed owe petitioner a duty to provide a list of impartial hearing officers and allowed the petition for writ of mandamus.

Section 24—12 of the Code provides that a district school board "shall"

schedule a dismissal hearing before a disinterested hearing officer within 30 to 60 days after a teacher under contractual continued service is dismissed for cause, unless the teacher objects. The section also provides that the respondents "shall" provide the prayed-for list of impartial hearing officers within 10 days of receiving notice of the scheduled hearing from the district board.

■■ In this case, the respondents were clearly under a mandatory and not a discretionary duty to furnish a list of hearing officers upon receipt of notice of the scheduled hearing. (Compare Ill. Rev. Stat. 1975, ch. 122, par. 24—12, with *People ex rel. Oak Supply & Furniture Co. v. Department of Revenue* (1976), 62 Ill. 2d 210, 214, 342 N.E.2d 53, 55-56.) Neither section 24—11 nor section 24—12 grants the State Board any discretion to refuse to issue a list of hearing officers. Section 24—11 does provide: "This section and succeeding Sections do not modify any existing power of the [district] board except with respect to the procedure of the discharge of a teacher and reductions in salary as hereinafter provided. Contractual continued service status shall not restrict the power of the board to transfer a teacher to a position which the teacher is qualified to fill or to make such salary adjustments as it deems desirable, but unless reductions in salary are uniform or based upon some reasonable classification, any teacher whose salary is reduced shall be entitled to a notice and a hearing as hereinafter provided in the case of certain dismissals or removals." Ill. Rev. Stat. 1975, ch. 122, par. 24—11.

Section 24—11 expressly provides that the district board has the clear authority to transfer a teacher into or out of any position that the teacher is qualified to fill. Where the transfer also includes a corresponding salary reduction, the teacher is granted a clear statutory right to notice and a hearing before an impartial hearing officer to insure that the reduction is uniform or based upon a reasonable classification. The record in the instant case reflects that the district board has not disputed the petitioner's right to a hearing in this matter. Rather, the objection to the hearing originates with the respondents who are under a mandatory duty to furnish the list of impartial hearing officers. We recognize that *Lester v. Board of Education* (1967), 87 Ill. App. 2d 269, 279-80, 230 N.E.2d 893, and *Van Dyke v. Board of Education* (1969), 115 Ill. App. 2d 10, 18-19, 254 N.E.2d 76, provide that a teacher may be transferred from a position as a superintendent or principal back to that of a mere teacher with a corresponding salary decrease, however, those cases do not say that the transferee does not have a right to a hearing to protect him from a nonuniform or unreasonable salary reduction. In fact, the transferees in both *Lester* and *Van Dyke* were actually afforded hearings similar to the one denied to the petitioner herein.

■■ ■  Mandamus is an extraordinary remedy which compels an officer to perform a duty which the petitioner is entitled to have performed. (*People ex rel. Heydenreich v. Lyons* (1940), 374 Ill. 557, 567-68, 30 N. E. 2d 46.) To be entitled to a writ of mandamus, the petitioner must show that he has a clear and undoubted right to the writ. (*Solomon v. City of Evanston* (1975), 29 Ill. App. 3d 782, 790, 793, 331 N.E.2d 380.) Here, the petitioner has demonstrated a clear statutory right to a hearing before an impartial hearing officer. The district board acquiesced in the petitioner's request for a hearing by requesting (as contemplated by the statute) the prayed-for list of impartial hearing officers from the respondents. The respondents, on the other hand, clearly violated their mandatory responsibility by refusing to furnish the prayed-for list. On these facts, we find that the petitioner has demonstrated a clear right to the writ of mandamus granted by the circuit court.

We view and hold that the request for the assignment of a list of impartial hearing officers is one not reviewable by the respondents. We voice no opinion as to the petitioner's prayer for relief other than is herein provided.

Accordingly, we affirm the judgment of the circuit court in this cause.

Affirmed.

GREEN, P. J., and WEBBER, J., concur.