RICHARD C. DAVIS, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION OF FARMER CITY-MANSFIELD COMMUNITY UNIT SCHOOL DISTRICT NO. 17 *et al.*, Defendants-Appellees.

Fourth District   No. 14755

Opinion filed August 25, 1978.

496

Monroe, Wilson, Dyar, Houchen, McDonald & Taylor, of Decatur, for appellant.

Herrick, Rudasill & Moss, of Clinton (A. J. Rudasill, of counsel), for appellees.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

This case primarily concerns the question of whether a public school district effectively terminated the contract under which plaintiff Richard C. Davis was employed as its superintendent. At issue is the interpretation of and relationship between legislation requiring the meetings of public bodies to be open to the public and legislation prescribing the procedure for dismissal of a school superintendent.

The crucial portions of these statutes are the following:

Section 2 of the Open Meetings Act which provides in part,

> "All meetings of any legislative, executive, administrative or advisory bodies of * * * school districts * * * which are supported in whole or in part by tax revenue, * * * shall be public meetings * * *.
>
> This Section does not prevent any body covered by this Act from holding closed sessions to consider information regarding appointment, employment or dismissal of an employee or officer or to hear testimony on a complaint lodged against an employee or officer to determine its validity, but no final action may be taken at a closed session" (Ill. Rev. Stat. 1977, ch. 102, par. 42),

and section 10—21.4 of The School Code which concerns employment of superintendents and states in part,

> "Notice of intent not to renew a contract must be given in writing stating the specific reason therefor by April 1 of the contract year unless the contract specifically provides otherwise. Failure to do so will automatically extend the contract for an additional year. Within 10 days after receipt of notice of intent not to renew a contract, the superintendent may request a closed session hearing on the dismissal. At the hearing the superintendent has the privilege of presenting evidence, witnesses and defenses on the grounds for dismissal." Ill. Rev. Stat. 1977, ch. 122, par. 10—21.4.

Plaintiff Richard C. Davis sued the Board of Education of Farmer City-Mansfield Community Unit School District No. 17, De Witt, Piatt and McLean Counties, and the members of that Board in the circuit court of De Witt County seeking a declaratory judgment that he was

superintendent of that district for the 1976-77 school year and thereafter and that he was entitled to 85 days unused vacation time with full pay. He also sought to enjoin the defendants from dismissing him until they complied with certain statutory provisions. Subsequently, the trial court granted the defendants a summary judgment dismissing plaintiff's amended complaint. Plaintiff appeals.

The facts stated in the next two paragraphs are shown in the record and not disputed by the parties.

At meetings of the defendant board on January 12 and 19, 1976, a portion of the meeting was held in closed session in which a discussion occurred concerning plaintiff's performance as superintendent and the continuation of his employment. At the January 19 closed session, a resolution was adopted finding plaintiff's performance to be unsatisfactory for reasons specified in detail and reciting a "tentative opinion and judgment" of the Board that he not be rehired. The secretary of the Board was directed to privately deliver a notice of the Board's actions and reasons for the same to plaintiff within 24 hours. Final action upon the Board's tentative decision was set for the regular board meeting on February 2, 1976. The minutes of the two closed sessions were kept separate from those of the open sessions. The minutes of the open sessions recited that the Board had met in closed session to consider an evaluation of plaintiff's work and that the same had not been completed but would be further considered at the next meeting.

A notice of the Board's tentative decision made in the closed session on January 19 was personally served on plaintiff on that date. The notice set forth in detail specific reasons for the Board's action. After meeting in closed session on February 2, 1976, the Board returned to open session and unanimously passed a resolution stating that "in the best interest of the education system" of the district, the board determines that plaintiff not be reemployed as superintendent for the coming year but that if an unfilled position exists which he was certified and qualified to fill he be assigned to that position "the exact assignment, if any, to be hereafter determined by" the Board.

Section 10—21.4 of The School Code requires that in order to terminate a superintendent's employment as superintendent, the district's board must form an intent not to renew the superintendent's contract and then give him timely notice of that intent by a written document which sets forth the specific reasons for the board's action. The only written notice given plaintiff which meets those requirements was the notice of the Board's "tentative decision" given pursuant to the resolution of the Board enacted at the January 19 closed session.

■■■ The provision of the law on open meetings which permits closed sessions to consider the discharge of an official (Ill. Rev. Stat. 1977,

ch. 102, par. 42) does not say whether a resolution may be passed at such a session and no case has been called to our attention ruling upon the question. If the passage of a resolution of a tentative intent to terminate a contract with an employee is "final action," then the notice subsequently given here was without authority and invalid. It would logically follow that absent a valid notice as required by section 10—21.4, the Board's subsequent action discharging plaintiff as superintendent would be void. However, the statement in the statute that "final action" may not be taken in a closed session indicates that action that is not final may be taken. Here, the action taken at the January 19 closed session, stating an intent to terminate plaintiff's employment as superintendent and ordering notice, did not dispose of the question of whether that employment should be terminated and, therefore, was not final action. The action at that closed session did not violate the statute concerning open meetings. By that action, the intent of the Board was validly established and the subsequent notice to plaintiff was authorized.

■■ The final action terminating plaintiff's status as superintendent was taken in an open meeting on February 2, 1976. The January 19 notice had adequately set forth the specific reasons for the Board's intent not to renew the contract and the notice had been timely served. Defendants had not requested a closed meeting. The procedure followed was sufficient to terminate plaintiff's position as superintendent.

The allegations upon which plaintiff's other claims for relief were based were stricken from the original complaint upon defendants' motion and were not realleged in the amended complaint. Defendants contend that therefore they were waived (*Smith v. Nauer* (1949), 338 Ill. App. 43, 86 N.E.2d 670; *Coffey v. MacKay* (1972), 2 Ill. App. 3d 802, 277 N.E.2d 748). However, we need not consider the waiver question because we do not find the contentions meritorious.

Plaintiff's contract with the district provided,

> "[A]ll Board Policies of this Unit are a definite part of this contract.
>
> It is further agreed that this contract is subject to the School Laws of Illinois and the reasonable and lawful regulations of the said Board, * * *."

A policy adopted by the Board stated:

> "At the January meeting each year, the Board shall appoint or reappoint a Superintendent of Schools for a term of one or more years from July 1st to June 30th."

■■ Plaintiff maintains that the incorporation of this policy into his contract creates a situation within the exception to section 10—21.4 of The School Code which designates April 1 as the last day for giving notice of intention to renew the superintendent's contract "unless the contract

specifically provides otherwise." A dismissal of the superintendent after January would be inconsistent with the Board policy of renewing contracts at the January meeting. Thus, it can be strongly argued that plaintiff's contract, with the Board policies incorporated therein, by reference, implies a different time limit for giving notice of intent to terminate the contract than that set forth in section 10—21.4. However, the contract does not "specifically" so provide. The statutory time limit for giving notice of intention to terminate prevails. That notice was timely given.

Plaintiff also maintains that his rights were violated under sections 24—11 and 24—12 of The School Code (Ill. Rev. Stat. 1975, ch. 122, pars. 24—11 and 24—12). Those sections deal with the procedural rights of teachers in contractural continued service (tenure). As a teacher, plaintiff had tenure but as a superintendent he had no tenure unless his rights under section 10—21.4 be so defined. (*Lester v. Board of Education* (1967), 87 Ill. App. 2d 269, 230 N.E.2d 893, *appeal denied* (1968), 37 Ill. 2d 627.) As we have indicated, his rights under the latter section were properly terminated.

The resolution by which this was done also provided that for the next year if a position existed which he was "certified and qualified to fill," he was to be assigned to that position. Under section 24—12, the Board could have discharged him as a teacher for cause only after a notice and a hearing of a type that was not given here. The Board could also have discharged him as a teacher because of the unavailability of a position for him only after a notice not given here and after previously discharging all nontenured teachers of similar qualifications. Section 24—11 required that his salary not be reduced unless it was to an amount based upon a reasonable classification for the teaching he was doing.

■■ The resolution making plaintiff's future employment as a teacher contingent was not within the Board's statutory authority. The Board had not complied with the provisions of section 24—12 empowering the district to terminate his employment as a full-time teacher. Plaintiff therefore was entitled under section 24—11 to a salary based upon a reasonable classification for the work to which he was assigned and was entitled to be assigned to work for which he was qualified regardless of the availability of such a position. If the Board did not comply with these rights, however, plaintiff's remedy was to mandamus the Board to do so and not to require the District to reinstate him as superintendent.

Plaintiff calls our attention to our decision in *Taylor v. State Board of Education* (1978), 56 Ill. App. 3d 387, 372 N.E.2d 129, where we ruled that when a school district takes action to reassign a tenured teacher and reduce his salary, sets a hearing on that issue and gives the teacher notice within the terms set forth in section 24—12 of the Code, the State Board of

Education is, upon request, required to send out a list of possible hearing officers as provided for in that section. Section 24—11 states that when a district reduces a teacher's salary "unless reductions in salary are uniform or based upon some reasonable classification, any teacher whose salary is reduced shall be entitled to a notice and a hearing as hereinafter provided in the case of certain dismissals or removals." The State Board of Education argued that the foregoing required the holding of a hearing only if the salary reduction was neither uniform nor based upon a reasonable classification. We concluded that one of the purposes of holding the hearing was to determine whether the salary reduction was of the described nature and stated that when a salary reduction was made, the tenured teacher has a right to a notice and hearing as set forth in section 24—12.

■■ Plaintiff correctly points out that no such notice was given nor hearing held here. Our decision in *Taylor* was rendered while this case was on appeal. Apparently neither side in the instant case placed the same interpretation upon the language as we did. Defendants gave no such notice and set no such hearing for plaintiff although his salary was being reduced. Although plaintiff's original complaint alleged an improper discharge, no allegation was made in either the original or the amended complaint that his salary had been reduced without compliance with the particular provisions. Accordingly, we rule the issue not to be before us.

Plaintiff's latest written contract attached to the original complaint stated in part, "Payment for extra duties not included in above are: School calendar holidays and vacations and four week vacation." The original complaint alleged that by the terms of his contract as renewed plaintiff was given a four-week vacation each year, that at the time of the complaint he had 85 unused vacation days and that an actual controversy existed between the parties concerning these days. The prayer of the complaint requested that plaintiff be entitled to 85 days of vacation with full pay.

■■ The trial court did not err in striking this allegation. The complaint alleged neither an express nor implied agreement for accumulation of vacation time nor a custom that it be given. In the absence of such an allegation, no award could be made. (See Annot., 91 A.L.R.2d 1078 (1963).) In *Olson v. Rock Island Bank* (1975), 33 Ill. App. 3d 914, 339 N.E.2d 39, relied upon by plaintiff, the award was apparently based upon a custom of the employer.

For the reasons stated, we affirm.

Affirmed.

REARDON and TRAPP, JJ., concur.