(No. 5969—

CLARENCE HARRINGTON, Claimant, *vs.* STATE OF ILLINOIS, DEPARTMENT OF TRANSPORTATION, Respondent.

*Opinion filed August 8, 1974.*

MEDLIN, ZIMMER & SOUTH, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

PER CURIAM.

This case comes before this Court for consideration on the joint motion of the parties to waive hearing, inasmuch, as the facts are not in dispute and the departmental report attached to the Joint Motion to Waive Hearing established the correct amount of the claim to be

$450.42, and both parties agree to the accuracy of this figure. The question to be decided being one of application of the law as set forth in the statutes and rules in effect at the time, the parties, in conference, having waived the filing of briefs.

This case arose as a result of the claimant, Clarence Harrington, having terminated his employment on July 31, 1968, with the Department of Transportation, then known as the Department of Public Works & Buildings, Division of Highways, and immediately going to work full time for Southern Illinois University. The question arose when the Department of Public Works & Buildings refused to pay the claimant his accumulated vacation pay because of the fact that the Department felt that the employee could not appear on two State payrolls at the same time. It was the Department's position, that the Southern Illinois University is an agency of the State of Illinois and the claimant would be carried as an employee of the Department of Public Works & Buildings during the period of time for which he was being paid vacation, which period coincided with his employment at Southern Illinois University.

Their contention, that the Southern Illinois University is an agency of the State for purposes of determining whether or not the claimant was still employed by the State of Illinois, appears to be correct. According to *People ex rel. Redman* v. *Board of Trustees*, 283 Ill. 494, in speaking of the University, the Court states:

"It has no employees. Its employees are employees of the State."

This quotation was cited with approval in *People* v. *Barrett*, 382, Ill. 321, at 340. A full reading of these cases leaves no doubt that the University of Illinois and Southern Illinois University are agencies of the State

insofar, as the employees are concerned, and that their employees are State employees. It is also true, that under present statutory law, Ch. 127, Par. 150 (a), there would be no problem in that the intent of the legislature is clearly set forth and the payment could be made. However, at the time of the accrual of this claim, there was no such expression by the legislature and we must look to the pay plans or Department of Personnel Rules in effect at the time.

In the rules of the Department of Personnel, effective November 1, 1967, we find the following at Sec. 3-290:

"SALARY IN LIEU OF VACATION: No salary payment shall be made in lieu of vacation not taken except on termination of employment, in which case the effective date of termination is not extended by reason of said salary payment."

Other sections of the Rules worthy of consideration are Sec. 2-410 and 2-430 as follows:

"2-410. INTERAGENCY TRANSFER: An employee may be transferred to a position in the same class, or to a position involving similar classifications, duties, responsibilities and salary range, in another agency, with the approval of both agencies, the director, and with the consent of the employee."

"2-430. RIGHT OF TRANSFERRED EMPLOYEES: A transferred employee shall retain his status, and shall lose no vacation rights, sick leave or other benefits, nor shall such transfer affect his seniority rights or interrupt his continuous service. A transferred employee shall have transferred to the appropriate promotional eligibility list applicable to the organizational unit and work locality of his new position, his name and current grades resulting from promotional examinations."

It is possibly significant that the claimant in his complaint, paragraph 1 states:

"that on or about July 31, 1968, claimant resigned his position as a janitor with the Carbondale District Office of the Division of Highways, after giving due notice."

Paragraph 2:

"That after said date claimant went to work for Southern Illinois University."

Also, in the letter from the Department of Public Works & Buildings, dated March 26, 1971, we find the following:

"Mr. Harrington's monthly salary at the time of his resignation from the Division of Highways was $517."

It is significant to note, that neither the claimant nor the claimant's former employer (the Department of Public Works & Buildings) considered the change to be a transfer. Inasmuch, as neither the claimant nor the Department of Public Works & Buildings has made any allegations or brought forth any evidence with reference to the prior approval of the director or the prior approval of the agencies involved, it would appear the position taken by both the employee and the Department is correct in referring to the change of employment as a resignation from one agency and a hiring by the other, rather than a transfer.

Had the legal effect of the change of employment been interpreted as a transfer, it would appear from the Rules that the vacation should be recognized by the University inasmuch as the employee would carry that benefit with him to his new employment. However, it appears that the proper interpretation would be, that the employee merely resigned from the Department of Public Works & Buildings, rather than having transferred from that Department to the University. It would therefore seem to be appropriate that the problem be considered as a problem involving a resignation. Once it has been determined to resolve the problem in this manner, Section 3-290 of the Department of Personnel Rules effective at the time becomes significant when it states that in case of resignation the effective date of termination is not extended by reason of a salary payment for earned vacation. The question before the court, then,

appears to resolve itself to whether or not the employee was in fact on two payrolls simultaneously. If the lump sum payment does not extend the date of termination as per Sec. 3.290, then there would have been no overlapping employment had the Department of Public Works & Buildings paid the claimant his lump sum vacation pay.

WE THEREFORE hold that the employee would not have been on two State payrolls at the same time and claimant is hereby awarded the sum of $450.42, FOUR HUNDRED FIFTY AND 40/100 DOLLARS.