PER CURIAM.

(Nos. 6203, 6210, 6233, 6261 (Consolidated)—

CECIL L. MCDOUGALL, R. L. AUSTIN, DONALD R. BASLER, and JAMES B. WENTWORTH, JR., Claimants, vs. STATE OF ILLINOIS, DEPARTMENT OF LAW ENFORCEMENT, Repsondent.

*Opinion filed June 9, 1975.*

MCDOUGALL, AUSTIN, BASLER, and WENTWORTH, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

BURKS, J.

These four claims were consolidated by our prior order as an aid to convenience and economy, pursuant to §51 of the Civil Practice Act, since the claims all present exactly the same issue and they differ only as to the amount claimed by each claimant.

Each claimant was employed by the respondent as a "Crime Scene Technician" in the Department of Law Enforcement, and each seeks compensation for overtime work required by the respondent during fiscal years 1968 and 1969 in the amounts shown in the above caption.

The claimants were not represented by counsel.

They have entered into a joint stipulation with the respondent as to the facts and the issues, and state: "The parties waive briefs and desire the court to rule on the claims on the basis of the record and the stipulation."

The respondent recognizes the merits of these claims in the following letter dated August 18, 1971, signed by Gary D. McAlvey, Superintendent of the aforesaid department's Bureau of Investigation:

"The overtime covered in the above claims accumulated during Fiscal Year 1968 and Fiscal Year 1969. At that time there were no provisions to make cash payment for overtime, and because of the heavy work load, compensatory time off for overtime earned could not be allowed to these employees.

"The overtime was authorized as a part of these employees' regular duties as Crime Scene Technicians. Because of the lack of authorization to make cash payment for overtime, no monies were appropriated to reimburse these employees during the fiscal years in question.

"It would appear to me that these employees have a valid claim and it will be up to the Court of Claims to determine whether or not they should be paid by the State of Illinois regardless of whether cash payment for overtime was authorized."

The claimants' scheduled work week was 37.5 hours for which they were paid a monthly salary. However, the nature of their work necessitated their being on call 24 hours per day to go out on crime investigations and devote as much time as the case required. They all understood then that they were not to be paid for overtime but were entitled to compensatory time off. Because of the heavy workload, these claimants could not be given their earned time off nor were they otherwise compensated for their hours of overtime work which are not in dispute.

To determine whether claimants can now be compensated for the overtime worked, we turn first to a prohibition found in *Ill.Rev.Stat. (1967) Ch. 127, §145, ¶3* which reads in part as follows:

"Amounts paid from appropriations for personal service of any officer or employee of the State, either temporary or regular, shall be considered as full payment for all services rendered between the dates specified in the payroll or other voucher and no additional sum shall be paid to such officer or employee from any lump sum appropriation, appropriation for extra help or other purpose or any accumulated balances in specific appropriations, *which payments would constitute in fact an additional payment for work already performed and for which remuneration had already been made.* [emphasis added.]

Under the facts in this case at bar, it cannot in fairness be said that claimants here are seeking "*additional* payment for work already performed" since they have received nothing for their overtime. Hence, we do not find that their claims are barred by the above quoted statutes.

We next examine a restriction found in Article IV of the Constitution of 1870, in effect at the time of the performance of the services in question, which reads as follows:

"Sec. 19. The General Assembly shall never grant or authorize extra compensation, fee or allowance to any public officer, agent, servant or contractor, after service has been rendered or a contract made, nor authorize the payment of any claim, or part thereof, hereafter created against the State under any agreement or contract made *without express authority of law . . .*" [Art. 4, Sec. 19.] (emphasis added)

The above constitutional barrier would preclude the payment of these claims unless payment can be made with "*express authority of law.*"

Respondent stipulates that the rules promulgated by the Department of Personnel "*shall have the force and effect of law*". [The Personnel Code, *Ill.Rev.Stat. (1967) Ch. 127, §63b 108*] Looking then for such rule that would be applicable to the case at bar, and binding on the Department of Law Enforcement, we find that Sec. 3-340 of the Rules propounded by the Department of Personnel, effective November 1, 1967, provided, among other things, that—

"Each operating agency shall grant its full time employees the equivalent time off for overtime worked. Such compensatory time off shall be scheduled * * * within 12 months of its accrual. *If such compensatory time off is not liquidated within 12 months of its accrual, the agency shall pay the employee for* such overtime work * * *. * * * where the granting of compensatory time off is not practical * * * the Director of Personnel may authorize * * * wages for overtime work, * * *. Authorization must be obtained prior to the time work is performed.

Since Sup't. McAlvey states that overtime for these claimants *had prior authorization,* being inherent in their duties as Crime Scene Technicians, it seems clear that these claims should or could have been paid under the above stated "authority of law". But it also appears from the record that personnel and payroll supervisors in the Department of Law Enforcement at that time had no knowledge of the rules then in effect which provided that payments could be made to these claimants for overtime worked.

Claimants admit that they too had no knowledge of the said rules at that time, but relied on their employer's payroll supervisors to protect and advise them of their rights. All of the claimants conceded that they were not anticipating overtime pay, but thought they were only entitled to compensatory time off. It was generally agreed among the claimants that they put in such a great deal of overtime that they only applied for a small amount of it, knowing that they weren't going to get it; and that the only compensation that they could foresee was compensatory time off, and they could see no way that they could take that amount of time off because of their work load. Sup't. McAlvey's letter confirms this.

"As it turned out, the man that turned in the most overtime [Verne Dalluge] was paid in full, and the employees that did not claim all they worked were ignored," claimants testified. Apparently, Mr. Dalluge fortunately had knowledge of his rights and timely applied for over-

time pay. Claimants logically contend that if they are expected to know the law, the department's payroll supervisors are also presumed to know the law; and that the law should protect the employee as well as the state from loss due to ignorance of the pay plan rules on the part of the employee and his payroll supervisor.

The record shows that claimants were finally told by their payroll supervisors that they would be paid for their overtime work by filing a lapsed appropriation claim in this Court, as they have done. This Court granted an award under similar circumstances in *Riefler* v. *State, 11 C.C.R. 381.*

We do not regard these claims as being based on the theory of *quantum meruit* which we held in *Schutte et al* v. *State, 22 C.C.R. 591 at page 626,* that this theory does not generally lie against the State. Rather, we find that these claims should be paid under the "express authority of law" as stated in the 1967 Department of Personnel Rules Sec. 3-340 (Supra). This rule, determined at the hearing to be applicable to these claimants, declares that such state employees *shall* be granted equivalent time off for overtime worked, within 12 months of its accrual, otherwise they *shall* be paid for such overtime work. Since claimants were never given the opportunity to take the time off, it always being denied because of the workload and the promise that claimants would be paid for this overtime later, claimants are entitled to an award for the overtime pay in the amounts claimed.

Awards are hereby granted in these four claims as follows:

In claim No. 6203 the claimant, CECIL L. McDOU-GALL, is hereby awarded compensation for overtime pay in the total sum of $263.53.

In claim No. 6210 the claimant, R. L. AUSTIN, is hereby awarded compensation for overtime pay in the total sum of $626.29.

In claim No. 6233 the claimant, DONALD R. BASLER, is hereby awarded compensation for overtime pay in the total sum of $601.95.

In claim No. 6261 the claimant, JAMES B. WENTWORTH, JR., is hereby awarded compensation for overtime pay in the total sum of $377.19.