BERNARD T. OLSON, Plaintiff-Appellee, v. ROCK ISLAND BANK, Defendant-Appellant.

(No. 75-250; ▮▮▮▮▮▮▮▮▮

Third District—December 16, 1975.

Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellant.

Jackson, Douglas & DePorter, of East Moline, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Rock Island County in the Small Claims Division finding in favor of plaintiff Bernard T. Olson in his claim against the Rock Island Bank for the sum of $850.65.

The action was instituted on an oral contract of employment and was brought for the purpose of obtaining compensation by plaintiff Olson for vacation time which he claimed he had earned and not taken prior to retirement. Olson retired from the Rock Island Bank on December 31, 1973, folowing 47 years of service to the bank. When Olson requested that he be paid for a 3-week vacation he had earned during his last year, the bank refused to pay. Following a bench trial the court found in favor of plaintiff and as against defendant and entered judgment accordingly.

On appeal in this court, defendant contends that plaintiff failed to meet his burden of proof and that the finding of the trial court was against the manifest weight of the evidence. We find no dispute evident in the record as to the vacation policy of the bank. A formal policy was adopted by the Board of Directors in 1949 and has continued with some minor changes since that time. That policy was, basically, to provide that after an employee works one full year, he earns 1 week of paid vacation which is due sometime during the second year. The second year he works entitles him to a 2-week paid vacation which is taken sometime during his third year. The policy of the bank was to permit the vacation earned to be taken in the following year. This policy of the bank was established by witnesses at the trial and was not disputed either by the bank or others. Olson worked the entire year of 1973 and, on the basis of the policy established by the bank, was entitled to a vacation for his year's work. It is clear from the record that Olson was entitled to 3 weeks' vacation pay, after more than 20 years of service, on the basis of the policy established by the bank.

It is difficult to determine the position of the bank on the basis of the record. Plaintiff's claim arose from his contract of employment. Plaintiff had earned the vacation pay established by the Board of Directors (*Cummings v. Chicago, Aurora & Elgin Ry. Co.* (1952), 348 Ill.App. 537, 109 N.E.2d 378). There was evidence supporting the claim of plaintiff showing payment for a vacation not used by an employee.

Defendant seems to contend in its brief that since plaintiff was not entitled to his vacation credit for 1973 until January 1, 1974, because he was retired on January 1, 1974, he could not claim the vacation. Under that theory it would have been necessary for plaintiff to come to the defendant bank and work at least 1 day during the calendar year of 1974. The trial court did not accept this interpretation but held, on the basis of the record, that plaintiff's 1973 working year was a period of time which entitled him to 3-week vacation pay. There was also testimony that the president of the defendant bank offered to allow defendant to leave the bank on a permanent basis approximately 3 weeks before

the end of the year and accept that as his vacation pay. Plaintiff, however, stayed for the full period of 1973 for the purpose of breaking in a new employee.

On the basis of our review of the evidence we find no support for the contention of the defendant that the judgment was contrary to the manifest weight of the evidence.

The judgment of the Circuit Court of Rock Island County will, therefore, be affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.