(No. 78-CC-0516 — )

JAMES F. SHIMEALL, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1979.*

STANLEY K. STEWART, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; PAUL M. SENPIEHL, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

This matter comes before the Court on complaint filed by Claimant for back salary allegedly due him as a result of a discharge. The claim covers wages lost from March 5, 1973, through June 30, 1977.

At the time of his discharge from his certified position, Claimant was a Technical Advisor V with the Department of Personnel. On approximately May 20, 1977, the Civil Service Commission of the State of Illinois, ruled that Claimant's discharge from his certified position was improper and illegal and ordered the Department of Personnel to reinstate Claimant in his position.

Because of ambiguities in the Civil Service Commission's order, in June, 1977, Claimant and a co-complainant, one Robert Rayford, filed an Administrative Review Action in the Circuit Court of Sangamon County, Illinois. In October, 1977, Claimant and the defendants in the Administrative Review Action, namely, the Civil Service Commission and the Department of Personnel, settled the Administrative Review Action, the written settlement agreement filed in the case providing in part as follows:

"2. Mr. James F. Shimeall will be reinstated as a Technical Advisor V, Pay Grade 25, Step 7, in the Department of Personnel, effective November 15, 1977. Mr. Shimeall has been offered and accepted a position with another State Agency; and Mr. Shimeall will apply for voluntary reduction and transfer to that position in another State Agency effective November 16, 1977.

3. Mr. Shimeall and Mr. Rayford are entitled to full back salary and benefits for the period from March 5, 1973, to the effective dates of Mr. Shimeall's transfer and Mr. Rayford's resignation, subject to mitigation for earnings received from other employment and to other rules and requirements of the Court of Claims of the State of Illinois.

4. Mr. Shimeall and Mr. Rayford will file their claims in the Court of Claims for salary and benefits for the period from March 5, 1973, to June 30, 1977. Said claims shall be for the salary and benefits of paragraph three less the following:

a. Accrued vacation time for Mr. Shimeall totalling six weeks which Mr. Shimeall will retain and which the State Agency to which he will transfer has agreed to accept.

5. Department of Personnel will immediately process a supplemental payroll to pay Mr. Shimeall and Mr. Rayford the following amounts, which represent full compensation for the time period from July 1, 1977, through October 31, 1977, for Mr. Rayford, and from July 1, 1977, through November 15, 1977 for Mr. Shimeall:

a. Mr. Shimeall: $8,550.50
b. Mr. Rayford: $4,205.00

It is understood that the Department shall deduct from the above-stated amounts appropriate deductions for Federal and State Income tax, FICA (Federal Insurance Contributions Act), and State Employees' Retirement System of Illinois.

6. a. Mr. Shimeall and Mr. Rayford will receive full-time credit toward their retirement for the period from March 5, 1973, through October 31, 1977, for Mr. Rayford, and through November 15, 1977, for Mr. Shimeall.

b. Mr. Shimeall and Mr. Rayford are entitled to pay back to the State Employees Retirement System of Illinois, all contributions required to receive said credit and any amounts previously withdrawn. Said repayments shall be due to the System when the award from the Court of Claims is received pursuant to the Rules and Regulations of the System."

It is acknowledged by the Respondent that the gross pay due Claimant for the period March 5, 1973, through June 30, 1977, was $124,690.64.

Claimant introduced into evidence copies of his federal income tax returns for the years 1973 through and including 1977, and gave testimony as to his earnings during such period. It is found that Claimant's admit their claim should be reduced by $30,517.89 for mitigation purposes. Included in the total mitigation earnings submitted by Claimant was the sum of $2,092.00 partnership earnings for the period of January 1, 1977, to July 1, 1977. However, his 1040 tax return showed an income of $10,292.00 for 1977 from the partnership. Lacking any other reasonable approach, we are prorating one-half of that amount, or $5,146.00, to the first six months of 1977. Thus, instead of $2,092.00 earnings in mitigation for this period, we are adding an additional $3,054.00. This makes a total

of $33,571.58 in mitigation, instead of $30,517.89. The State argues that a $5,000.00 withdrawal by the Claimant from the partnership in December should be charged to the extent of 80 percent to the time before November 15, 1977, since 80 percent of the work of a certain condemnation litigation was performed prior to then. This is not convincing as it would then be necessary to audit the books of the partnership on the accrual basis to determine exactly how much was earned before a certain date and how much after. While our approach has to be logical and consistent with acceptable accounting practices, we are making our findings consistent with the cash basis method of bookkeeping followed by the firm in 1977 and previous years.

Claimant makes certain additional claims. He claims what would have been the State's contribution to health and life insurance policies if he had been on the State payroll from March 5, 1973, through June 30, 1977. While the guideline furnished by the Circuit Court of Sangamon County, Illinois, to this Court sets forth that Claimant is entitled to full back salary and benefits, to date, this Court has never included in back salary and benefit awards, any sum for the State's contribution to the employees' group hospital and life insurance coverage. This part of the claim is denied.

Claimant also claims pay for 45 holidays and 30 vacation days during the period March 5, 1973, through June 30, 1977. There is no basis for Claimant's claim for holidays. As brought out in the testimony, the semi-monthly pay period for which State employees are paid includes all holidays. If an employee is required to work on a holiday he is entitled to compensatory time off for that particular holiday, or he can add it to his

vacation time as an extra day. However, since Claimant was not working for the State during the period of his wrongful discharge, obviously he was not required to work on holidays. Thus he earned no compensatory or vacation time for such holiday work. That portion of Claimant's additional claim is denied.

As part of Claimant's settlement with the Department of Personnel he was awarded 30 days accrued vacation time to be accepted by the State Agency to which he transferred. He claims an additional 30 days because a full 60 days vacation time was lost. There is nothing in the record to indicate that Claimant should be barred from this additional claim. In *Harrington v. State 30 Ill.Ct.Cl. 67, this Court recognized accrued vacation pay as proper for a claim. Claimant is awarded $3,570.00 for the 30 days vacation pay.*

*In summary, this Court makes an award based on the following gross figures:*

| | |
|---|---:|
| Gross pay due | $124,690.64 |
| Plus vacation pay due | 3,570.00 |
| Total | $128,260.64 |
| Less mitigation earnings | 33,571.58 |
| Gross Award | $ 94,689.06 |

Accordingly, there is hereby awarded to Claimant the amount of $94,689.06 for back salary, plus the State's contribution to the State Employees' Retirement System and to FICA. From the aforesaid award to Claimant there shall be deducted amounts for the Claimant's Federal and State income tax withholding and amounts for the Claimant's contributions to the State Employees' Retirement System and to FICA.