(No. 78-CC-0653- ▇▇▇▇▇▇▇▇

ELLIS SHAW, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1981.*

STANLEY K. STEWART, for Claimant.

WILLIAM J. SCOTT, Attorney General (PAUL SENG-

PIEHL, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This is a claim for back salary from September 1, 1973, through June 30, 1977. At the time of his discharge, Claimant was a Conservation Inspector III with the Department of Conservation, State of Illinois. In September of 1973, Claimant requested a hearing with the State Civil Service Commission on his discharge. The Civil Service Commission upheld his discharge in July 1974. In August 1974, Claimant filed an action in the Circuit Court of Will County under the Administrative Review Act, asking that the decision of the Civil Service Commission be overturned. In December of 1976, the Circuit Court of Will County overturned the order of the Civil Service Commission and ordered Claimant reinstated with full back pay and benefits as though he had never been discharged. Also in December of 1976, the State appealed the order of the Circuit Court of Will County to the Appellate Court of Illinois, Third Judicial District. In August 1977, the parties entered into a stipulation to dismiss the appeal, and in September 1977, Claimant was reinstated to the position of Conservation Police Lieutenant in the Department of Conservation with full back pay and benefits.

There is no disagreement that (1) the salary due Claimant for this period was $55,418.00, (2) the earnings received in mitigation were $8,410.66, and (3) that the unemployment insurance figures in mitigation were $2,132.00. The net figure from these amounts is $44,875.34, which the parties agree is due Claimant.

At the hearing on this cause before the commissioner Claimant dropped his claim for Social Security benefits because he was not covered under Social Security. Further, he dropped his claim for insurance benefits and for holiday pay because this Court has determined in prior cases that these items are not compensable elements of damages in cases such as the one at bar.

The area of disagreement between the parties is whether Claimant is entitled to a cash award for the vacation days he did not get to enjoy during the four-year period of his wrongful discharge. Over this period Claimant alleged he would have become entitled to eighty vacation days, the maximum amount he is entitled to accumulate. He is now making claim for compensation for the balance or $2,523.20, based on forty days at $63.08 (his prorated daily salary).

The State took the position at the hearing and in its brief that Claimant is not entitled to the forty days pay for which this claim is made or the forty days for which Claimant's account has been credited. We refuse to decide the issue regarding the forty days for which Claimant was given credit. There was no claim brought for them. Also, this Court does not have jurisdiction to require a department to add or subtract vacation days from their own accounts.

With respect to the balance claimed, it is incumbent upon Claimant to establish that he had a right to compensation for said days. In the ordinary case Claimant must be able to point to a provision in his employment contract which allowed such compensation. (*Cummings v. Chicago, Aurora & Elgin Ry. Co.* (1952), 348 Ill. App. 537, 109 N.E.2d 378; *In re Pringle Engineering and Manufacturing Co.*, 164 F.2d 299.) An interoffice memorandum providing for vacation pay was sufficient in

*Durlak v. Sun Chemical Co.*, 336 Ill. App. 310, 83 N.E.2d
372. In *Olson v. Rock Island Bank* (1975), 33 Ill. App. 3d
914, 339 N.E.2d 39, the evidence upon which an award
of vacation pay was made was an oral contract and bank
policy.

In the case at bar there was no written contract
entered into evidence. It is not unusual for an employee
of the State not to have an individual contract for
employment. Terms and conditions of State employees
are also governed by statutes and rules promulgated
pursuant thereto. There does not appear to be any
disagreement as to the number of vacation days involved.
A person in Claimant's position would have become
entitled to take eighty days off work had he worked
during the four-year period of his discharge, according
to rule. There are other rules pertaining to vacation time
though, specifically Rules 3—250, 3—270, and 3—290, all
properly promulgated by the Department of Personnel.
Rules 3—250 and 3—270 provide that active employees
cannot accumulate vacation days for more than 24
months and that they lose their accumulated vacation
time if they do not use it within such 24-month period.
Rule 3—290 provides:

Section 3—290 *Salary in Lieu of Vacation. No salary payment shall be
made in lieu of vacation earned but not taken except on termination of
employment* for eligible employees with at least 6 months of continuous
service in which case the effective date of termination shall not be extended
by the number of days represented by said salary payment. (Emphasis
added.)

Respondent argues that, since the Circuit Court of
Will County ruled that Claimant be reinstated in his
position with full back pay and benefits *as though he had
never been discharged*, his employment has in effect
been continuous. Therefore, under Rules 3—250 and
3—270 Claimant has forfeited his accrued vacation time
by not using it within the prescribed time limits. We

think that Respondent's application of these rules to the facts presented in this case was correct.

Rule 3—290 does not support Claimant's position either. Even assuming that Claimant was indeed discharged, his discharge would necessarily have occurred prior to the time he began to accumulate the vacation time for which claim was made. Rule 3—290 only provides that an employee shall be paid for vacation days accrued and not used at time of *termination.* In this case the record is silent as to how many vacation days, if any, Claimant had accrued at time of termination.

Claimant did not cite any other rule in support of his position but has cited three previous decisions of this Court. Primary reliance was placed on *Shimeall v. State*, 32 Ill. Ct. Cl. 760. In *Shimeall* the Court stated that there was nothing in the record to indicate that Claimant should be barred from this additional claim (for compensation for vacation days) and cited *Harrington v. State*, 30 Ill. Ct. Cl. 67, wherein accrued vacation pay was a proper element for a claim. In the case at bar the issue was raised and there is evidence in the record that compensation for vacation days should be barred.

*Harrington v. State, supra*, was also the second case cited by Claimant. In *Harrington*, vacation pay was a proper element for a claim, as the Court noted. However, *Harrington* is not relevant to the case at bar. In *Harrington*, the Claimant had earned vacation days prior to his termination and claimed entitlement to payment for that vacation time after his termination. Thus the facts therein fell within Rule 3—290 and Mr. Harrington was properly granted an award.

The third case cited by Claimant was *MacDougall et al. v. State*, 30 Ill. Ct. Cl. 629. That case involved compensation for overtime and the rule pertaining there-

to. As such it is not applicable to the case at bar. Moreover a specific provision in the rule regarding overtime provided for payment of the claim made. None has been cited in the case at bar.

The Illinois Supreme Court stated that "(T)he theory underlying a suit for back salary is to make the employee whole—to compensate him to the extent that the wrongful discharge has caused a financial loss." (*People ex rel. Bourne v. Johnson* (1965), 32 Ill. 2d 324, 205 N.E.2d 470, 473.) In the instant case the employee is being made whole by the award ordered below. To award compensation for vacation days under the circumstances in this case would make him more than whole. An employee who actually worked during the time of Claimant's wrongful discharge would not be entitled to compensation for the vacation days on which Claimant based his claim. Moreover, it cannot be said that Claimant has proven a financial loss above which the award granted below compensates. He pointed to no statute, rule, or contract which entitled him to vacation pay on the facts of his case.

Claimant's claim for vacation compensation pay is hereby denied for failure to meet the burden of proof of entitlement to such pay. It is hereby ordered that Claimant be, and hereby is, awarded the agreed sum of $44,875.34 with appropriate modification of this award to be made by the Clerk of the Court of Claims by attachment of an appendix hereto reflecting appropriate employer contributions and employee deductions and withholdings.