(No. 78-CC-0738—▮▮▮▮▮▮)

THOMAS BEGG, JR., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed November 8, 1983.*

McKENNA, STORER, ROWE, WHITE & FARRUG, for Claimant.

NEIL F. HARTIGAN, Attorney General (FRANCIS DONOVAN, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is a claim by one Thomas Begg, Jr., a former special agent for the Illinois Bureau of Investigation, who is seeking to collect overtime pay alleged to be due him.

Claimant is a former special agent, Department of

Law Enforcement, Illinois Bureau of Investigation, and was employed in that capacity from April 1970 through May 31, 1977. He received his training at the Illinois State Police Academy and in June 1970 he became a special agent assigned to either the Organized Crime Division or the Special Investigation Division until he terminated his employment.

At the training academy, Claimant was advised that as a special agent he would be required to work additional hours over and above the normal hours of a work week and, after receiving this warning, he still continued to work for the State in his capacity as special agent. Claimant was not required to punch a clock nor report to his office on a daily basis. The nature of the work required working odd hours and working hours in addition to the ususal 40-hour week. Overtime was an authorized part of his duties and his supervisors expected overtime in order to complete assignments. Claimant voluntarily worked overtime in order to complete his investigations on many occasions.

In view of the fact the job entailed additional hours, the Illinois Bureau of Investigation instituted a policy of granting compensatory time off. For each hour worked in excess of 40 hours each week, agents would be allowed an hour of compensatory time.

As a result of the heavy case load and insufficient manpower in the Department, none of the agents were able to take all of the compensatory time earned but were limited to two compensatory days off per month from 1970 to June 1, 1971, and to four compensatory days off per month from 1971 through 1977. Time worked and compensatory time earned and taken were reported by each agent on special forms supplied by the Illinois Bureau of Investigation.

Despite the fact that Claimant's supervisors knew that no more than four days per month compensatory time would be allowed, Claimant's request for compensatory time was granted by his supervisors. Claimant earned much more than four days of compensatory time each month but he was never able to take more than the allowed four days. He was told by his supervisors that earned compensatory time not taken within an 18-month period would be lost. He was also informed that no monies would be paid to him for unused compensatory time. Claimant did not know of any other special agents who were paid for unused compensatory time and he admitted that no persons in authority ever advised him that he would be paid for unused compensatory time.

Claimant, during the term of his employment, accumulated 2,242.5 hours of unused compensatory time, amounting to $14,170.07 based on his regular pay.

William O'Sullivan, the present deputy director of the Illinois Department of Law Enforcement, and Thomas Howard, Sr., formerly division chief of the Illinois Bureau of Investigation, both confirmed that overtime was expected of agents; that no authorization was ever made to pay special agents for unused compensatory time; and that because of case loads the special agents were not allowed to take all of the compensatory time earned.

On September 1, 1973, the superintendent of the Illinois Bureau of Investigation issued a general order which mandated that all compensatory time which was not used as of the time of termination of employment would be forfeited. Although Claimant could not remember reading the general order, he admitted that special agents were required to read each general order, sign it, and retain a copy for themselves.

The issue in this case is whether there are any rules of the Department of Personnel which provide for payment in cash of unused compensatory time and, if not, whether there was any contractual arrangement which would require Respondent to pay cash for unused compensatory time.

There are three Department of Personnel rules in question. Rule 3—340 became effective May 1, 1970, and is as follows:

"Rule 3—340. *OVERTIME*: Authorized work in excess of an approved work schedule shall be overtime. Such work may be compensated for in cash or compensatory time as determined by the Director. Overtime work shall be distributed as equitably as possible among employees competent to perform the services required, and they shall be given as much advance notice as possible. Time spent in travel shall not be considered overtime.

Compensatory time shall be scheduled at the convenience of the employing agency, after consideration of the employee's preference, but within 12 months of its accrual. If such compensatory time off is not liquidated within 12 months of its accrual the agency shall pay the employee for such overtime by adding a sum equivalent to its value at the employee's rate of pay at the time the overtime was performed, to the employee's salary voucher within 30 days after the expiration of such 12-month period.

The Director shall maintain lists of those positions which are exempt from the payment of overtime in any form.

This Rule shall be subject to such modification as may be necessary to comply with such provisions of Public Law 89—601 as may be applicable to positions in the State service. (As revised January 20, 1970)."

## Rule 3—340 was revised and the following became effective on October 1, 1970:

"Rule 3—340. *OVERTIME*: Authorized work in excess of an approved work schedule shall be overtime. Such work may be compensated for in cash or compensatory time as determined by the Director. Overtime work shall be distributed as equitably as possible among employees competent to perform the services required, and they shall be given as much advance notice as possible. Time spent in travel shall not be considered overtime.

Compensatory time shall be scheduled at the convenience of the employing agency, after consideration of the employee's preference, but within the fiscal year during which the related overtime was worked. If such compensatory time is not liquidated within the fiscal year during which it has been earned, said time must be liquidated in cash at the end of the fiscal year.

The Director shall maintain lists of those positions which are exempt from the payment of overtime in any form.

This rule shall be subject to such modification as may be necessary to comply with such provisions of Public Law 89—601 as may be applicable to positions in the State service. (As revised September 22, 1970)."

On June 1, 1975, Rule 3—320 became effective. It is as follows:

"Rule 3—320. *OVERTIME*: For those positions approved by the Director and designated on lists maintained by the Director, authorized work in excess of an approved work schedule shall be overtime. Such work may be compensated for in cash or compensatory time as determined by the agency provided such desigation is in accordance with the Fair Labor Standards Act, as amended. Overtime work shall be distributed as equitably as possible among qualified employees competent to perform the services required, when overtime is required, and employees shall be given as much advance notice as possible. Except where required by law, time spent in travel shall not be considered overtime.

Compensatory time, if any, as earned hereunder, shall be scheduled at the convenience of the agency after consideration of the employee's preference, but within the fiscal year during which such time was earned. If such compensatory time is not liquidated within the fiscal year during which earned, it shall be liquidated in cash at the end of the fiscal year."

A thorough reading of Rule 3—320 shows that the rule grants cash compensation for overtime only to such employees who hold positions designated on lists maintained by the director. According to the evidence in this case (Respondent's Group Exhibit No. 1), the position of special agent was never listed among the position titles eligible for cash payment for overtime. Actually, there is no authorization in Rule 3—320 for compensatory time for overtime hours, and therefore, compensatory time was granted without official sanction of the Department of Personnel and, in fact, was against the rules and regulations of the Department of Personnel.

Rule 3—340 in both of its versions is similar to Rule 3—320 *except* that it mandates cash liquidation of overtime for all positions except those on lists maintained by the director. Thus, in Rule 3—320, the director must maintain lists of those positions which are *eligible* for cash overtime and Rule 3—340 in both of its versions

requires that the director maintain lists of those positions which are *ineligible* for cash overtime.

The lists maintained by the director were lists of those job titles eligible for cash overtime but also contained the words "all other job titles are not eligible for overtime."

Claimant's job title is not on the list of those eligible. It is therefore the Court's belief that Claimant was ineligible for collection of compensatory time-off wages. To hold otherwise would completely void the above wording because it is the Court's opinion that it is an inescapable conclusion that any job title not listed as eligible would be ineligible.

Claimant argues that since the Illinois Bureau of Investigation approved special agents as one category which accrued compensatory time, this means that it was designated and approved as one which accrued overtime and which, therefore, caused Rules 3—340 and 3—320 to mandate cash liquidation of the overtime. This argument, however, is without merit in that the designation of the eligible job positions was to have been made, according to the rules, by the director of the Department of Personnel. The director of the Illinois Bureau of Investigation had no authority to designate positions for overtime. As has been previously stated, the granting of compensatory time to special agents was without official sanction of the Department of Personnel and against the rules and regulations of the Department of Personnel.

It is the opinion of the Court that under the rules of the Department of Personnel Claimant is not entitled to a cash liquidation of uncompensated overtime work.

Claimant cites the case of *McDougall v. State* (1975), 30 Ill. Ct. Cl. 629. In that case, Claimants were employees

of the Department of Law Enforcement as crime scene technicians and were seeking payment for overtime. Rule 3—340, which was in effect at that time, was to the effect that Claimants were entitled to cash liquidation of uncompensated overtime work; however, the Court points out that the Rule 3—340 in effect at the time of the *McDougall* case is not the same Rule 3—340 in effect at the time of Claimant's employment. In the *McDougall* case, there was no reference to lists of eligible or ineligible persons to obtain cash for overtime. By the time this Claimant was employed, the rules had been changed to require that the director set out specifically which job titles were eligible for cash and which job titles were not eligible for cash and, as has been previously noted, the job title of special agent was never listed as eligible. Claimant has not proved any contractual agreement requiring cash liquidation of overtime hours not otherwise compensated for and, in fact, evidence introduced is to the contrary. The necessity for overtime was made a condition for employment and the fact that compensatory time would be limited to only four days per month was also made known to Claimant. Claimant admitted he was told that overtime work would not be paid for in cash. Claimant further admitted he had no expectation of any cash payment for overtime. The IBI also had a written policy denying overtime pay, which written policy was encompassed by an IBI general order which stated:

"Personnel will forfeit regular days off and compensatory time not taken before the date of separation."

It is the opinion of this Court that Claimant is not entitled to receive payment for the hours of overtime worked by him. Claim denied.