## Michael WAYMACK *v.* KCLA, INC.

CA 83-57                                                664 S.W.2d 509

Court of Appeals of Arkansas
Division II
Opinion delivered February 22, 1984

*Eilbott, Smith, Eilbott, & Humphries,* by: *Zachary Taylor,* for appellant.

*Ramsay, Cox, Lile, Bridgeforth, Gilbert, Harrelson & Starling,* by: *L. Layne Livingston,* for appellee.

MELVIN MAYFIELD, Chief Judge. This case involves an employment contract. The appellant filed suit seeking payment for two weeks vacation time. The trial court found against him. We reverse.

The case was submitted upon a written stipulation of fact with a copy of the employment agreement attached

thereto. No other evidence was presented. The stipulation states that the appellant was originally hired under a written contract for six months; that he worked the full six-month period and his contract was not renewed; that the parties then entered into an oral contract of employment terminable at the will of either party; that approximately one month later the appellant's employment was terminated; and that appellant then demanded payment for the two weeks vacation time. Two portions of the stipulation state:

> 2. That the parties to the contract understood that Michael Waymack would receive compensation in the amount set forth in paragraph 3(a) for any vacation taken while he was an employee of KCLA, Inc. for the period allowed under the contract as set forth in paragraph 9.

> 9. *Vacation* The employee shall be entitled to four (4) weeks of vacation time during each employment year in which this contract remains in force which shall accrue at the rate of two weeks for each six months of such employment. Employee's vacation time, except with the express permission of management of the Employer to the contrary, will be taken in increments not in excess of one week.

To sustain the trial court's decision, the appellee cites us to 53 Am. Jur. 2d *Master and Servant* § 80 (1970), which states: "The rights to vacation pay or to pay in lieu of vacation time not taken depend upon the express or implied terms of the employment contract." Cited in that section is the case of *Oil Fields Corporation* v. *Hess*, 186 Ark. 241, 248, 53 S.W.2d 444 (1932), which states:

> Where an employee is given a vacation with pay, or a leave of absence is granted, or where the employee's absence is involuntary as where the employer fails to furnish work, the employee is entitled to his wages for the time off. (Citation omitted.)

In our case, the stipulation plainly states that the contract provides that the employee shall be entitled to

vacation time which shall accrue at the rate of two weeks for each six months of employment and that the "parties to the contract understood" that the appellant would receive compensation for vacation time taken. *Green* v. *Ferguson*, 263 Ark. 601, 567 S.W.2d 89 (1978), says: "It is well settled that whenever parties to a contract express their intention in clear and unambiguous language in a written instrument, it is the court's duty to construe the writing in accordance with the plain meaning of the language employed." We think the contract here clearly provides that at the end of six months employment the appellant will have accrued two weeks vacation. The fact that his contract was not renewed did not affect the vacation time he had earned. To hold that he lost the two weeks vacation because his contract expired the day he became eligible for the vacation is to create an illusory contract that the parties simply did not make.

The appellee relies upon the case of *Lim* v. *Motor Supply, Ltd.*, 45 Hawaii 198, 364 P.2d 38 (1961). That case holds that a discharged employee, hired under a contract providing for an annual two-week vacation, was not entitled to be paid for vacation time accumulated over his whole period of employment of several years, and the court pointed out that "though plaintiff's annual vacation of two weeks may have been a matter of right, when this right was not insisted upon each year and instead was tacked on to the current two weeks vacation time, it became as to the excess merely a privilege which might be and in fact was lost." We think the case really supports the appellant's claim. There is no claim here for vacation time not taken when it became due, and we certainly do not think the additional thirty-day period that appellant worked should cause him to lose the vacation earned during his six-month employment period.

Another case, found in the pocket supplement to 53 Am. Jur. 2d, *supra*, leads us to the same conclusion. In *Olson* v. *Rock Island Bank*, 33 Ill. App. 3d 914, 339 N.E.2d 39 (1975), the court said the bank seemed to contend that since an employee was not entitled to a vacation credit for 1973 until January 1, 1974, he could not claim the vacation because he was retired on January 1, 1974. That interpretation was rejected.

Reversed and remanded with directions to enter judgment in appellant's favor for $750.00, which is one-half of his monthly compensation.

Cooper and Glaze, JJ., agree.